IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LOUVINA WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 09-3023 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Louvina Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition).  For the reasons set forth below, the Motion is denied.

## STATEMENT OF FACTS

On May 27, 2005, Louvina Williams pleaded guilty to mail fraud. U.S. v. Williams, Case No. 04-30080, Minute Entry dated May 27, 2005. On October 7, 2005, Williams was sentenced to five years probation and ordered to pay $15,256.15 in restitution.  Case No. 04-30080, Judgment in a Criminal Case (d/e 12).

1

On July 9, 2007, Williams admitted that she violated the terms of her probation in three ways: (1) possession of cocaine; (2) failure to provide a DNA sample; and (3) failure to comply with substance abuse treatment and testing.  Case No. 04-30080 Minute Entry dated July 9, 2007.  The sentencing was continued, and Williams remained out on bond.  Assistant Federal Defender Douglas Beevers represented Williams at this hearing.

On March 12, 2008, Assistant United States Attorney Patricia McInerney contacted William's new attorney Assistant Federal Defender Robert Scherschligt.  She offered to not charge Williams with a new crime of possession of five or more grams of cocaine base (crack) with intent to distribute if she would agree to a five year sentence on the probation violation.  Response to Motion Under 28 U.S.C. § 2255 (d/e 4), attached Affidavit of Robert Scherschligt (Scherschligt Affidavit), ¶ 1.  That same day, Scherschligt contacted Williams by telephone to present the offer.  Scherschligt told Williams that if she was charged and convicted of possession with intent to distribute five or more grams of crack she would face a sentence of ten years to life, plus a consecutive sentence for the probation violation.  Williams faced a mandatory ten year minimum because she had a prior felony drug trafficking conviction.  Id., ¶ 2; 21

2

U.S.C. § 841(a) & (b)(1)(B).  Two days later, Williams called Scherschligt and left a voice mail message in which she stated that she would accept McInerney's offer.  Scherschligt Affidavit, ¶ 3.

The sentencing hearing occurred on March 17, 2008.  Scherschligt represented her in the sentencing proceeding.  Immediately prior to the hearing, Williams told Scherschligt that she would accept the Government's offer.  Id., ¶ 4.  At the hearing, no party objected to the violation report.  U.S. v. Williams, Case No. 04-30080 Transcript of Proceedings (crim. d/e 33) (Transcript), at 4.  The Clerk is directed to file a copy of the Transcript in this case.  The maximum possible sentence for the violation of probation was five years.  The Sentencing Guidelines Policy Statement sentencing range was 18 to 24 months.  Transcript, at 4.

McInerney announced that the parties had a joint sentencing recommendation of five years.  McInerney stated that law enforcement officials executed a search warrant at Williams' residence and found over five grams of crack cocaine.  McInerney stated that Williams signed a confession admitting that she was distributing crack.  Williams had a prior conviction; thus, if she was charged and convicted of possession of five or more grams of crack with intent to distribute, she would be subject to a

mandatory minimum sentence of ten years. Transcript, at 5-7; Presentence Investigation Report (crim. d/e 13) (PSR), ¶ 41; 21 U.S.C. § 841(b)(1)(B). The Clerk is directed to file a copy of the Presentence Investigation Report in this case under seal.

McInerney also recited various actions by Williams and her mother to provide substantial assistance in other criminal investigations. McInerney stated that the Government and Williams entered into an agreement to recommend a five year sentence on the revocation, which included an agreement not to charge her separately based on the March 2007, search warrant and Williams' subsequent confession. Transcript, at 6-7.

Williams' attorney Scherschligt confirmed that the parties had reached the agreement outlined by McInerney. The Court asked Williams if she understood the terms of the agreement and agreed to the agreement. Williams stated that she understood and agreed. Transcript, at 9-10.

The Court then accepted the joint recommendation and sentenced Williams to five years imprisonment. The Court informed Williams that she had the right to appeal. Williams did not appeal.

Williams filed this Petition on January 26, 2009. She claimed that Scherschligt provided ineffective assistance of counsel at the sentencing

4

hearing. She alleged:

> I talked to this man one time on the phone two days before sentencing. He never explained anything to me, he didn't help me at all. He basically told me what the prosecutor wanted, and said I had no other choice but to take it.

Petition, at 4. She also claimed that the sentence was excessive. She alleged, "The sentence is way outside of the guideline range for the violation itself. My first violation and it is harsh." Id.

## ANALYSIS

This Court must determine whether Williams is entitled to an evidentiary hearing. Section 2255 Rule 8(a). Williams must file a detailed and specific affidavit which shows that she has actual proof of the allegations, rather than mere unsupported assertions, before she is entitled to an evidentiary hearing. Galbraith v. U.S., 313 F.3d 1001, 1009 (7th Cir. 2002). Williams has not provided any affidavit to support her assertions. The Court, therefore, is left with the record in the case and the Affidavit of attorney Scherschligt and the Transcript. Based on Scherschligt's Affidavit and the Transcript, Williams is not entitled to an evidentiary hearing because her rights were not violated.

To establish ineffective assistance of counsel, Williams must show: (1)

the counsel's performance fell below an objective standard of reasonableness; and (2) the counsel's deficient performance prejudiced her, resulting in an unreliable or fundamentally unfair outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Williams has failed to present any evidence that would establish either element. Scherschligt had a client facing a ten-year mandatory minimum sentence, plus a consecutive sentence for violation of her probation. He recommended to Williams that she accept a five-year sentence on the probation violation and avoid the possible possession with intent to distribute charge. He thereby recommended that she accept a sentence that was less than half of what she was facing if she was convicted on the new crack charge and that she avoid a second felony drug trafficking conviction. Making this recommendation did not fall below the objective standard of reasonableness.

Williams also was not prejudiced by Scherschligt's actions. Williams went to prison for five years instead of ten or more. She also avoided a second felony drug trafficking conviction on her record. A second conviction would mean that if she were again caught dealing in drugs, she would be considered a career offender and would face a significantly longer sentence. 23 U.S.C. § 994(h); U.S.S.G. § 4B1.1. She suffered no prejudice;

6

in fact, she incurred a significant benefit from Scherschligt's representation. Williams fails to make a showing of any ineffective assistance.

Williams also argues that the five-year sentence was excessive. She argues that she was effectively sentenced on the new drug trafficking charge without indictment or trial by jury. The Court disagrees. She admitted violating her probation by possessing more than five grams of crack cocaine. She was sentenced for her violation probation in the original case. She was not sentenced on a separate felony charge. The Policy Statement range is only advisory. United States v. McGee, 60 F.3d 1266, 1270 (7th Cir. 1995). The sentence was within the statutory maximum for the original charge, and the sentence was one Williams agreed to ask the Court to impose. 18 U.S.C. § 1341; PSR ¶ 96. She suffered no violation of her constitutional rights. See United States v. McClanahan, 136 F.3d 1146, 1150-51 (7th Cir. 1998) (revocation sentence that does not exceed statutory maximum is not plainly unreasonable).

THEREFORE, Petitioner Louvina Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED. This case is dismissed. The Clerk is directed to file in this case a copy of the Transcript and PSR referenced above. All

pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   June 16, 2009

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE